# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRIAN MCCLUSKEY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 09-215J |
| | ) | |
| v. | ) | Magistrate Judge Bissoon |
| | ) | |
| SUPT. MARDI VINCENT, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff in this prisoner civil rights case alleges that he was denied necessary medical care while incarcerated at the State Correctional Institution at Laurel Highlands ("SCI-Laurel Highlands"), located in Somerset, Pennsylvania. More specifically, Plaintiff alleges that he broke out in a rash in September, 2007, and that he was told by prison physicians that they did not know what he had (Doc. 3, p. 3). Plaintiff's requests to see a dermatologist were denied. Plaintiff alleges that he was treated with "steroids, creams and antibiotics" that did not help (Id.). He then developed "large boils" that broke open on February 23, 2008, and Plaintiff was ultimately sent to the hospital for surgery on March 10, 2008, where he found out that he had a Methicillin Resistant Staphylococcus Aureas ("MRSA") infection (Id.). Plaintiff alleges that he continued to suffer outbreaks of MRSA, and that he was first permitted to consult with a dermatologist on June 18, 2008. Plaintiff was again admitted to the hospital for surgery on June 30, 2008 (Id.). Plaintiff alleges that Defendants delayed providing him necessary treatment, and also failed to provide him with "proper medical attention" that would have prevented the repeated outbreaks of MRSA boils (Id.).[1]

---

[1] The parties have consented to the undersigned exercising jurisdiction in this case (Docs. 16, 17 and 26).

All Defendants have filed Motions to Dismiss (Docs. 12 and 27). Plaintiff has responded to the motions (Docs. 32 and 38).

**A. <u>Legal Standard</u>**

Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6) if, reading the complaint in the light most favorable to the plaintiff, and accepting all factual allegations as true, no relief could be granted under any "reasonable reading of the complaint" <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 233 (3d Cir. 2008). A complaint must be dismissed even if the claim to relief is "conceivable," because a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S.__, 129 S.Ct. 1937, 1949 (2009).

Plaintiff's claim arises under the Eighth Amendment. Generally, prison officials must ensure that inmates receive adequate food, clothing, shelter and medical care. <u>Estelle v. Gamble</u>, 429 U.S. 97, 104 (1978). In the context of a claim regarding medical treatment, an inmate must show two elements to demonstrate a violation of his Eighth Amendment rights: 1) that he was suffering from a "serious" medical need; and 2) that the prison officials were "deliberately indifferent" to the serious medical need. <u>Id</u>.

There is no question in this case that Plaintiff suffered from a serious medical condition. Even where a serious medical condition has been alleged, however, a prisoner also must present allege facts that would permit a jury to conclude that the defendant prison officials acted with a sufficiently culpable state of mind. Generally speaking, an **intentional** refusal to provide **any** medical treatment to an inmate suffering from a serious medical need manifests deliberate

indifference and is actionable. Young v. Quinlan, 960 F.2d 351 (3d Cir. 1992). However, where medical treatment is offered, the mere allegation of an opinion difference between a patient and a doctor, or between two medical professionals, does not amount to "deliberate indifference to a serious medical need." White v. Napoleon, 897 F.2d 103, 110 (3d Cir. 1990) ("there may . . . be several acceptable ways to treat an illness."); Young, 960 F.2d at 358 n.18 (an inmate's disagreement with prison personnel over the exercise of medical judgment does not state a claim for relief under section 1983).

### B. Analysis

Defendants assert that Plaintiff's Complaint details sufficient efforts on the part of medical professionals at SCI-Laurel Highlands to establish that Plaintiff is asserting only a disagreement with the course of treatment he received. I.e., Defendants assert that Plaintiff has failed to allege facts sufficient to establish that they were deliberately indifferent to his medical needs. In Farmer v. Brennan, 511 U.S. 825, 836 (1994), the Supreme Court explained that the term "deliberate indifference" lies "somewhere between the poles of negligence at one end and purpose or knowledge at the other." The Court instructed that:

> A prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

511 U.S. at 837. Defendants assert that the "continuous treatment" Plaintiff concedes he was given makes this a case where he has alleged, at worst, only negligent conduct on their part. The Court agrees that allegations amounting to professional negligence do not state a claim under the Eighth Amendment. Estelle, 429 U.S. 106, n.14.

Plaintiff's *pro se* complaint, however, must be read liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). Applying that standard here, Plaintiff has alleged more than mere negligence. Plaintiff alleges a long course of treatment that was entirely ineffective, and, further, that the only effective treatment was delayed for months. In Williams v. Kort, 223 Fed.Appx. 95, 100-01 (3d Cir. 2007), the United States Court of Appeals for the Third Circuit affirmed a grant of summary judgment, but observed that allegations that physician's assistants "insisted on courses of treatment they knew were ineffective" were adequate to allege deliberate indifference. Here, then, it is sufficient at this early pleading stage for Plaintiff to allege circumstantial evidence that the necessary course of action was so obvious, and the actual course of action taken was so unresponsive, that Defendants must have been aware of and disregarded it. See, Beers-Capitol v. Whetzel, 256 F.3d 120, 133 (3d Cir. 2001) ("subjective knowledge on the part of the official can be proved by circumstantial evidence to the effect that the excessive risk was so obvious that the official must have known of the risk."). The Court finds, therefore, that the Complaint states a facially plausible claim of deliberate indifference, and that the arguments raised by Defendants are more appropriately addressed at the summary judgment stage.

Plaintiff also alleges that he was exposed to "conditions of confinement" likely to cause him to be seriously ill (Doc. 3, p. 2). At least one court has found that the failure to take steps to prevent the spread of MRSA can state a claim of deliberate indifference. See, Kimble v. Tennis, 2006 WL 1548950 (M.D.Pa., June 5, 2006) (McClure, J.) (allegations that prisoner with MRSA infection and open sores was released into general population sufficient to state claim for deliberate indifference to health of other inmates). Plaintiff's allegations, read liberally, are sufficient at this stage to state a claim.

AND NOW, this 24th day of June, 2010,

IT IS HEREBY ORDERED that Defendants' Motions to Dismiss (Docs. 12 and 27) are DENIED.

s/ Cathy Bissoon
Cathy Bissoon
United States Magistrate Judge

cc:
**BRIAN MCCLUSKEY**
GE-3337
SCI Laurel Highlands
5706 Glades Pike, Box 631
Somerset, PA 15501-0631