# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRIAN MCCLUSKEY, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 09-215J |
| ) | |
| v. ) | Magistrate Judge Bissoon |
| ) | |
| SUPERINTENDENT MARDI ) | |
| VINCENT, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## ORDER

For the reasons that follow, Defendants' Motions for Summary Judgment (Docs. 54 and 61) will be granted.

Plaintiff has filed this prisoner civil rights case, *pro se*, claiming violations of the Eighth Amendment. Plaintiff's alleges that, as a result of poor conditions of confinement, he contracted Methicillin Resistant Staphylococcus Aureas ("MRSA"), and he claims that his MRSA was treated with deliberate indifference. *See generally* Compl. (Doc. 3).

Defendants have moved for summary judgment regarding deliberate indifference, arguing that Plaintiff's complaints regarding the treatment of his MRSA reflect a mere difference of opinion between himself and that of Defendants' medical professionals, and that, at most, Plaintiff's allegations amount to negligence or medical malpractice, which fall short of deliberate indifference. *See, e.g.*, Defs.' Br. (Doc. 62) at 32-34. The Court agrees.

Defendants' evidence demonstrates that, between the time Plaintiff allegedly contracted MRSA in September, 2007, and when the condition was addressed to his satisfaction in July, 2008, Plaintiff was treated numerous times, through various regimens, on a regular basis.

*See id.* at 3-11 (summarizing, with record citations, Plaintiff's treatment for skin conditions/ MRSA on September 7, 14 and 28, 2007; October 15 and 31, 2007; November 8, 26, 28 and 30, 2007; December 3, 6, 13, 14, 17 and 31, 2007; January 7, 11, 14, 15, 16 and 31, 2008; February 18, 19, 23, 25 and 27, 2008; March 4, 7, 10, 11, 12, 13, 14, 16, 17, 18, 21, 24, 25, 28 and 30, 2008; April 4, 7, 15, 18 and 27, 2008; May 11, 12 and 27, 2008; June 2, 11, 18, 19, 23 and 30, 2008; and July 1, 2008).[1] While Plaintiff may believe that more effective treatment could have been provided earlier, he has offered no evidence demonstrating that the detailed, ongoing care provided by Defendants was insufficient. *Compare* Pl.'s Opp'n Br. (Doc. 58) at 2 (claiming that treatment regimens were "ineffective," and that "proper medical treatment was delayed" for over nine months) *with, e.g.*, Defs.' Br. (Doc. 62) at 3-11 (summarizing numerous medications and treatment modalities prescribed for Plaintiff's various conditions and symptoms).[2] Even if the Court assumes, while expressly declining to so hold, that Defendants' treatment constituted negligence or medical malpractice, Plaintiff cannot show that Defendants'

---

[1] Although Plaintiff claims to have suffered a continuous, active MRSA infection, Defendants have presented evidence indicating that he suffered multiple skin conditions that responded, to varying degrees, to treatment. *See* Defs.' Br. (Doc. 55) at 10 & n.3 (citing record evidence); *see also id.* (Plaintiff's longstanding treatment notwithstanding, presence of MRSA was only detected in February 2008). Given the dearth of evidence to the contrary, Plaintiff can only speculate regarding when he first suffered an active MRSA infection. Similarly speculative is Plaintiff's suggestion that Defendants were negligent in failing to detect the condition sooner.

[2] Plaintiff offers no evidence to contradict Defendants' properly-supported Motions for Summary Judgment, relying instead on assertions in his briefs and an unsworn declaration. McCullough v. Miller, 2009 WL 1416690, *2 (3d Cir. May 21, 2009) ("unsworn statements . . . do not constitute evidence for purposes of summary judgment") (citations to published, binding authority omitted). Even had Plaintiff offered a sworn affidavit, there is nothing in his current submissions, beyond his own layperson's belief, to support his contention that Defendants' diagnosis and treatment of MRSA was inadequate. *See* Mitchell v. Gershen, 2011 WL 2134341, *2 (3d Cir. May 31, 2011) (affirming district court's ruling that, in order to pursue deliberate indifference claim based on objection to diagnosis and treatment of MRSA, plaintiff was required to provide expert testimony "because the ability to diagnose [such an] infection and determine the proper treatment and medication protocol is not readily apparent to lay persons") (citations to published, binding authority omitted).

acts or omissions rose to a level of deliberate indifference. *See* Mitchell, 2011 WL 2134341 at *2 (deliberate indifference "must entail more than mere allegations of malpractice," and, "[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts . . . generally [will not] second guess medical judgments and . . . constitutionalize claims which sound in state tort law") (citations to published, binding authority omitted).

Plaintiff's conditions of confinement claim fares no better. Plaintiff offers no evidence regarding how or when he contracted MRSA, let alone that it resulted from unfit prison conditions. *See* Low v. Cox, 2010 WL 2851160, *3 (D. S.C. Jun. 23, 2010) (summary judgment appropriate where plaintiff offered only speculation in support of theory that MRSA infection resulted from conditions of confinement), *R&R adopted by dist. ct.* in 2010 WL 2851167 (D. S.C. Jul. 15, 2010). The only competent evidence of record reveals that: none of Plaintiff's thirty-five cell/cube mates had MRSA; although a previous occupant of Plaintiff's dormitory and bed had been diagnosed with MRSA, he moved out over one year before Plaintiff moved in; Plaintiff's dormitory and bed had been used by several other occupants in the interim; and that, consistent with DOC policy, the bed was cleaned and disinfected before each new inmate's use. *See* Defs.' Br. (Doc. 55) at 4-5 (citing record evidence). Even assuming the DOC's policies, or Defendants' implementation thereof, were less than fully effective, Plaintiff cannot meet his high burden of showing that Defendants "were subjectively aware that the policies . . . were so inadequate that they resulted in [Plaintiff] being exposed to a substantial risk of contracting . . . MRSA." Gallo v. Washington County, 2010 WL 318293, *3 (3d Cir. Jan. 28, 2010); *accord* Malles v. Lehigh County, 639 F. Supp.2d 566, 581 (E.D. Pa. 2009) (holding same where

defendants "engaged in some efforts to stop the spread of the infection, even if they did not do everything they could or planned to do").[3]

Defendants have demonstrated their entitlement to summary judgment, and the Court need not reach the other arguments presented in support of their Motions. Accordingly, Defendants' Motions for Summary Judgment (**Doc. 54** and **Doc. 61**) are **GRANTED**.

IT IS SO ORDERED.


June 7, 2011                                                s/Cathy Bissoon
                                                            Cathy Bissoon
                                                            United States Magistrate Judge

cc (via ECF email notification):

All Counsel of Record


cc (via 1st Class U.S. Mail):

Brian Mccluskey (*pro se*)
GE-3337
SCI Laurel Highlands
5706 Glades Pike, Box 631
Somerset, PA  15501-0631

---

[3] Plaintiff's case is distinguishable from the one in Keller v. County of Bucks, 2006 WL 3779749 (3d Cir. Dec. 22, 2006). There, the Court of Appeals for the Third Circuit affirmed a jury verdict in favor of prisoners who had contracted MRSA under "grossly inadequate" conditions of confinement, as evidenced by widespread uncleanliness in the showers, food handling and other common areas. *See id.* at *4-5; *see also* Gallo v. Washington County, 2009 WL 274500, *9 n.7 (W.D. Pa. Feb. 4, 2009) (distinguishing Keller). The Keller Court highlighted the plaintiffs' testimony that "filthy water [was] pooled in the showers, water seeped into the cells, clean laundry was not always readily available, the mattresses were stained, and mildew grew on walls covered in peeling paint." Keller, 2006 WL 3779749 at *4. The Third Circuit Court found that these facts "barely fulfill[ed] the minimum requirements of a conditions of confinement claim," and it cautioned that allowing claims to proceed under "situations of even slightly lesser magnitude would likely be an abuse of discretion." *Id.* at *5. Plaintiff allegations do not even begin to approach those in Keller, and summary judgment is appropriate.